

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JESSICA M. BRUNELLE,                          Civil No.   05-865-AA
                                              OPINION AND ORDER
        Plaintiff,

              vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.
_____

Alan Stuart Graf, P.C.
Attorney at Law
P.O. Box 98
Summertown, Tennessee 38483
        Attorney for plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Neil J. Evans
1000 S.W. Third Avenue, Suite 600
Portland, OR   97204-2902


Page 1 - OPINION AND ORDER

Michael McGaughran
Regional Chief Counsel, Region X, Seattle
Social Security Administration
David M. Blume
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
    Attorneys for defendant

AIKEN, Judge:

    Plaintiff, Jessica M. Brunelle, brings this action pursuant
to the Social Security Act (the Act), 42 U.S.C. §§ 405(g), 1383
(c)(3), to obtain judicial review of the Commissioner's final
decision.  The Commissioner denied plaintiff's claim for
Disability Insurance Benefits under Title II of the Act, and
Supplemental Security Income disability benefits under Title XVI.
42 U.S.C. §§ 401-33, 1381-1383f.  For the reasons set forth
below, the Commissioner's decision is reversed and remanded for
further administrative proceedings.

PROCEDURAL BACKGROUND

    Plaintiff filed concurrent applications for Disability
Insurance Benefits and Supplemental Security Income (SSI)
disability benefits on January 28, 2002.  Tr. 12-27.  In a
decision dated November 19, 2004, the ALJ found plaintiff not
disabled in a decision.  Tr. 78-80, 511-514.   The Appeals
Council subsequently declined plaintiff's timely request for
review, thus making the ALJ's decision the final Agency decision.
Tr. 6-8.

Page 2 - OPINION AND ORDER

///

STATEMENT OF THE FACTS

Plaintiff, born September 2, 1974, alleges disability beginning April 20, 2001.  Tr. 133, 142, 512.  Plaintiff alleges disability based upon post-traumatic stress disorder (PTSD), depression, social phobia, generalized anxiety disorder, borderline personality disorder, dependent personality traits, and panic disorders.  Tr. 181-183, 493.  Plaintiff has attended two years of college and, as of the February 2004 hearing, was continuing her education part-time.  Tr. 93, 139, 533.  She has past relevant work experience as a cook, dishwasher, painter, bakery assistant, delivery driver, and cashier.  Tr. 566-67.  In 2003, she worked part-time as a caregiver.  Tr. 532.

STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record.  Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh both the evidence that supports and detracts from the Commissioner's conclusions.  Martinez v. Heckler, 807

Page 3 - OPINION AND ORDER

F.2d 771, 772 (9th Cir. 1986).

///

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423 (d) (1) (A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520 (b), 416.920 (b).

In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520 (c), 416.920 (c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments" that the Commissioner acknowledges are "so severe as

to preclude substantial gainful activity." Id.; 20 C.F.R. §§
404.1520 (d), 416.920 (d).  If so, the claimant is conclusively
presumed disabled; if not, the Commissioner proceeds to step
four. Yuckert, 482 U.S. at 141.

    In step four, the Commissioner determines whether the
claimant can still perform "past relevant work." 20 C.F.R §§
404.1520 (e), 416.920 (e).  If the claimant can work, she is not
disabled.  If she cannot perform past relevant work, the burden
shifts to the Commissioner.  In step, the Commissioner must
establish that the claimant can perform other work. Yuckert, 482
U.S. at 141-42; 20 C.F.R. §§ 404.1520 (e) & (f), 416.920 (e) &
(f).  If the Commissioner meets this burden and proves that the
claimant is able to perform other work which exists in the
national economy, she is not disabled.  20 C.F.R. §§ 404.1566,
416.966.

                        DISCUSSION

    At step one, the ALJ found that plaintiff had not engaged in
substantial gainful activity since her alleged disability onset
date.  Tr. 16, 26.  At step two, the ALJ found that plaintiff's
PTSD, borderline personality disorder with dependent traits, and
history of alcohol and cannabis abuse, in reported remission,
were severe impairments, while her physical impairments were
found to be non-severe.  Tr. 17, 26.  At step three, the ALJ
found that plaintiff's impairments did not meet or equal the

Page 5 - OPINION AND ORDER

requirement of a listed impairment in the listings. <u>See</u> 20
C.F.R. pt. 404, subpt. P, app. 1; Tr. 20-21, 26.

The ALJ next determined plaintiff's residual functional
capacity (RFC). The ALJ found that, physically, plaintiff could
perform all exertional levels of work, Tr. 24, 26; 20 C.F.R.
§§ 404.1567, 416.967. The ALJ found, however, that plaintiff was
limited in interacting appropriately with supervisors and co-
workers and responding to work pressures. Tr. 24, 26. Further,
the ALJ found that plaintiff had a slight-to-moderate limitation
in interacting appropriately with the public. Tr. 24, 26.

At step four, the ALJ found that plaintiff was not disabled
because she could perform her past relevant work as a dishwasher,
cook, or painter. Tr. 25, 26. At step five, the ALJ held that
plaintiff was not disabled because she could perform other work
as a semiconductor assembler, laundry worker, or cannery worker.
Tr. 25-27.

Plaintiff disputes the ALJ's finding of "not-disabled" for
the following reasons: 1) the ALJ failed to consider plaintiff's
ability to sustain employment; 2) the ALJ provided insufficient
reasons for rejecting a mental health assessment; 3) the ALJ
failed to address medical evidence establishing the presumptive
disability of plaintiff; and 4) the RFC did not reflect all of
plaintiff's limitations. Each of these issues will be addressed
in turn, recognizing that the Commissioner's decision must be

affirmed if it is based on proper legal standards and the
findings are supported by substantial evidence in the record.
Hammock, 879 F.2d at 501.

    First, plaintiff argues that the ALJ failed to consider her
ability to engage in substantial gainful activity on a sustained
basis; whereas proper consideration would have resulted in a
finding of disability.  Plaintiff relies on Gatliff v. Comm'r of
Soc. Sec., 172 F.3d 690 (9th Cir. 1999), where the court held
that the claimant was unable to engage in substantial gainful
activity when it was undisputed that he could not maintain any
single job for longer than two months.  There, the court did not
define how long employment must last in order to be considered
"significant," though it held that a job of two month's duration
is insufficient.  Id. at 694.  Here, however, the ALJ noted that
plaintiff has held jobs for longer than two months: plaintiff
held one job for nine months (and left because she wanted to end
a relationship with a co-worker rather than leaving due to
anxiety), and another job for eleven months.  Tr. 23.  To the
extent an ALJ must consider whether a plaintiff is capable of
substantial gainful activity *on a sustained basis*, I find the ALJ
provided legally sufficient reasons for his conclusion that
plaintiff is capable of substantial gainful activity.  The ALJ
relied upon the vocational expert's (VE) testimony and also upon
the fact that plaintiff  "reported a level of functioning on a

Page 7 - OPINION AND ORDER

daily basis which is inconsistent with an inability to perform all types of work activity." Id.  Accordingly, I find no legal error.

Second, plaintiff argues that the ALJ ignored or gave insufficient reasons for rejecting mental health assessments. An ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. Batson v. Comm'r of Soc. Sec., 359 F.3d 1190, 1193 (9th Cir. 2004). An ALJ may satisfy this burden by summarizing conflicting evidence and interpreting it. Morgan v. Comm'r of Soc. Sec., 169 F.3d 595, 600 (9th Cir. 1999); Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).  An ALJ must, however, provide clear and convincing reasons supported by substantial evidence for rejecting uncontradicted opinions of treating or examining doctors. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If another doctor contradicts such an opinion, an ALJ must give specific and legitimate reasons supported by substantial evidence to reject it.  Id.  An examining doctor's opinion constitutes substantial evidence, and a non-examining doctor's opinion may also constitute substantial evidence if it is consistent with other independent evidence in the record. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).

Plaintiff saw Dr. Caleb Burns (Burns), a state agency

Page 8 - OPINION AND ORDER

consultant, for a psychological evaluation on July 6, 2004. Tr.
477. Burns administered a series of tests that showed plaintiff
was suffering from moderate to severe emotional distress.  Tr.
491. Burns opined that plaintiff could not complete a normal
work week without interruptions.  Tr. 492.  Further, he stated
that plaintiff was not employable in any competitive work setting
for the next twelve months because she would be unable to adhere
to basic requirements regarding attendance, would be distracted
by coworkers, and would be unable to maintain necessary emotional
stability.  Tr. 492.  Burns diagnosed plaintiff with generalized
anxiety disorder, PTSD, and major depression (recurrent in
partial remission) and a global assessment of functioning (GAF)
score of 48.  Tr. 493; see Schneider v. Comm'r of Soc. Sec., 223
F.3d 968, 973-74 (9th Cir. 2004) (holding that a worsening of
claimant's GAF scores and additional diagnoses indicated changed
circumstances rebutting a presumption of non-disability).

     The ALJ stated that Burns' opinion is entitled to little
weight because it is "inconsistent with the record a as whole and
with the report of Dr. Brischetto who evaluated the claimant in
March 2004."  Tr. 24.  Further, the ALJ states that Burns did not
discuss the Department of Human Services record, though he may
have reviewed it, and he "appeared to rely primarily on the
subjective reports of the claimant in reaching his conclusion,
simply stating that the information provided by the claimant "is

Page 9 - OPINION AND ORDER

seen to be fairly consistent with the records provided." Id.
Moreover, the ALJ analyzed and dismissed the change in
plaintiff's GAF score as follows: "that score appears to be
artificially low in light of the objective findings on evaluation
and her reported activities of daily living."   Tr. 24.

     Burns' opinion contradicts that of Dr. Brischetto
(Brischetto), an examining physician; therefore, the ALJ must
provide specific and legitimate reasons supported by substantial
evidence to reject Burns' opinion.   Bayliss, 427 F.3d at 1216.
Here, I find that the ALJ has provided specific and legitimate
reasons supported by substantial evidence.   Specifically, the ALJ
found that Burns' opinion was inconsistent with plaintiff's
objective medical record and her varied daily activities.   Tr.
24; Bayliss, 427 F.3d at 1216-17.   The ALJ has provided specific
and legitimate reasons for rejecting Burns' opinion, and the
ALJ's reliance on Brischetto's opinion is substantial evidence
supporting his rejection of Burns' testimony.

     Finally, plaintiff argues that the RFC did not reflect all
of plaintiff's limitations. I agree.   In his decision, the ALJ
noted that plaintiff is limited by the following diagnosed mental
impairments:

     agoraphobia; post traumatic stress disorder (PTSD); a
     generalized anxiety disorder; a dysthmic disorder; rule
     out dysthymia; a depressive disorder, not otherwise
     specified; a major depressive disorder, recurrent,
     moderate; major depression, recurrent, in partial
     remission; polysubstance abuse in remission; a

Page 10 - OPINION AND ORDER

> borderline personality disorder; dependent personality
> traits; and borderline personality traits.

Tr. 17.

The ALJ, however, found only that only plaintiff's PTSD,
borderline personality disorder with dependent traits, and
history of alcohol and cannabis abuse, in combination, were
severe.  The ALJ failed to take plaintiff's other impairments
into account when formulating a hypothetical RFC for the VE.
Because the ALJ relied upon incomplete vocational evidence in
reaching his conclusion that an individual with plaintiff's
impairments could find and sustain substantial gainful
employment, the court remands the ALJ's decision to the
Commissioner to obtain supplemental vocational evidence as to the
effect of these additional impairments upon plaintiff's ability
to sustain employment.  See Benecke v. Barnhart, 379 F.3d 587,
593 (9th Cir. 2004) (remand for further administrative
proceedings is appropriate if enhancement of the record would be
useful).

                          CONCLUSION

Because the ALJ failed to take into account plaintiff's non-
severe impairments when formulating a hypothetical RFC for the
VE, the decision is reversed and remanded for further
administrative proceedings.

IT IS SO ORDERED.

Page 11 - OPINION AND ORDER

Dated this _11_ day of August 2006.

_____
Ann Aiken
United States District Judge